Gilmore, J.
The sworn statements of the relator, and the respondents respectively, have been duly filed. Upon these, two questions are presented : First. Does the relator, by the matters contained in his statement, show that he has a clear legal right to the writ he asks for, and that he has no other adequate remedy ? If so, then: Second. Are the matters set up in the statement of respondents sufficient to require a refusal of the writ?
1. Erorn the relator’s statement it appears, that on appeal in the court of common pleas, it was found and decided that Barnes was duly elected to the office, and that an order was accordingly entered in his favor; that subse•quently, on the 4th of March, 1878, he was commissioned as such officer; that two days afterward he tendered an •official bond, with sufficient sureties, with his oath of office indorsed thereon, to the county commissioners for approval and acceptance; that after holding the matter under advisement for three days, the commissioners refused to approve aud accept the sureties to the bond “ at the present .time,” aud entered the refusal of record.
The facts upon their face show clearly, that but one thing is wanting to entitle Barnes to demand and be inducted into the office, i. e., the approval and acceptance of *454 the sureties to his official bond- by the county commissioners. He had no right to demand admission into the' office, nor would the incumbent have been authorized to-surrender the office to him until this had been done.
The second section of the act of January 19, 1858 (S. & C. 191), provides : “ That the recorder of each county shall keep his office at the seat of justice of his county, and before entering on the duties thereof, he shall give bond, with .two or more sureties, to be approved by the county commissioners of the proper county, in the penal sum of two' thousand dollars, payable to the State of Ohio, conditioned for the faithful discharge of his duties as recorder, and shall take or subscribe an oath or affirmation, to be indorsed on such bond, faithfully and impartially to discharge the duties of his office.”
As has been said, the only thing that appears to be wanting, to entitle the relator to demand and receive possession of the office, is the approval and acceptance of , his official, bond, as contemplated and required by the section above quoted.
The section impliedly imposes upon the county commissioners the duty of acting with reasonable promptness, in either approving or rejecting the sureties to the bond -when presented for that purpose, by a person who shows that he is legally authorized to demand such action at their hands. Hence the duty is not one that is to be performed, declined, or postponed arbitrarily by the commissioners. When, therefore, as in this 'instance, they declined to act with reasonable promptness, in the approval or rejection of the sureties of the bond, when it was properly presented to them, they will be compelled to act in the-matter, unless they show some valid reasons why they should be excused for such non-action.
The principal ground upon which the commissioners resist the allowance of the writ is, in substance, that they have not rejected or finally refused to approve the sureties to the bond, but are, for the present, holding the matter under their control, with a view to final action sometime in *455 the future, and, if not before, when the alleged litigation between the contestants is terminated; and that it is not. true, therefore, that they have refused to approve the sureties of the bond, as alleged.
The statement of respondents show that an appeal from the decision of the court of common pleas, in favor of Barnes, and in effect against Wright, was taken to, and perfected in, the district court, by the latter, before the commissioners acted.
They claim, through their counsel, that if the appeal was. authorized by the statute, it vacated the decision of the' court of common pleas in favor of Barnes, and annulled any rights that he might have claimed under it while it remained in force ; and that if the decision was thus vacated,Barnes had no right to the office, and hence had no right to insist on the approval of his bond. This may be considered in connection with a further claim set up by them,, .which is, substantially: That if the appeal was unauthorized, it can only be questioned in the district coui’t by a motion to dismiss, or otherwise.
If the appeal was authorized and well taken, then the-contest is still pending and undetermined, and under such circumstances, the writ would probably be refused. IP, on the other hand, the appeal was wholly unauthorized, then-it is a nullity and void, and may be so treated in this collateral proceeding, without awaiting the action of the district court upon the appeal.
In cases -of election contests, the only appeal expressly provided for is an appeal from the declaration of the clerk and justices, on completing the canvass of the votes, to the court of common pleas. S..& S. 332; 74 Ohio L. 12. If, therefore, a right to appeal from the decisions of the court of common pleas, to the district court, exists in such cases, it must be by virtue of the provisions of section 5 of the-act of April 12, 1858, as amended May 16, 1868. S. & S. 589. But this section, by its terms, applies only to civil actions, of which the court of common pleas lms original jurisdiction. The mode of contesting elections is specially *456 prescribed by statute. The contest is therefore a statutory proceeding, and not a civil action, within the meaning of the statute regulating appeals, above cited. Of such a proceeding the jurisdiction of the court of common pleas is necessarily appellate, and can not be original. This proceeding is, therefore, excluded from the operation of the section by its own terms. Hence, the allowance of the .appeal, and the fixing of the amount of the appeal bond by the court of common pleas, and the giving of the appeal bond by Wright, and the filing of the papers in the district court by the clerk, were each and all unauthorized, and ■consequently null and void ; and Barnes’ right to the office, under the judgment of the court of common pleas, remained unaffected by the attempted appeal.
It is further claimed by the respondents in their statement, that Wright saved a number of exceptions to the rulings of the court during the trial of the contest, and that the court allowed thirty days from March 1st, for counsel to prepare a bill of exceptions for allowance, which they are in good faith proceeding to do, and that these facts justified the commissioners in suspending action upon the bond, until the-case is finally determined on error.
This claim can not be recognized as valid, for two reasons. (1.) The duty of the commissioners was to act upon the state of facts, as they existed when Barnes presented his bond for approval, and no contemplated future action •of Wright in reference to the bill of exceptions, and pros■cution of the ease on error, can be regarded as furnishing a justification of their declining to discharge their official ■duty when it was properly required. (2.) If the bill of exceptions had been allowed—a petition in error filed—the decision of the court of common pleas would not thereby have been vacated or its force suspended. Lewis v. Commissioners of Marion county, 14 Ohio St. 515.
In their answer the commissioners further say that they have “ no information of a particular nature, as to the financial standing of the sureties named in the bond, and, therefore, deny the allegation of the petition that they knew they *457 were good and sufficient.” In the view tbat we take of the case, the issue thus sought to be made is immaterial, but if it were otherwise, it clearly appears from the undenied statement of the petition, that the sureties were residents of Belmont county, and that the bond was in the hands of the commissioners three days before they declined to approve it. This was time enough, if they desired information upon the point, to have ascertained it, and their failure to do so would not constitute a good ground for refusing the writ.
On the whole case, we think the commissioners wrongfully declined to either approve or disapprove of the suffi■ciency of the sureties to the bond within the three days it was in their hands. The only adequate remedy the relator has in the premises is the one he is pursuing.
In approving the sufficiency of the sureties the commis.sioners must exercise an impartial discretion, and this can not be interfered with or controlled by mandamus, but where, as in this case, they decline to act upon the approval or disapproval of such sufficiency, when their official duty plainly requires them to do so, they will be compelled to .act.
A peremptory mandamus is, therefore, awarded, to compel the commissioners to proceed, and if they find that the .sureties to the bond are sufficient, to approve the same as required by the statute.

Peremptory mandamus awarded.